**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| SPENCER BOWMAN<br>2405 Keyworth Avenue<br>Baltimore, Maryland 21215<br>Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE JOHNS HOPKINS HEALTH SYSTEM CORPORATION<br>600 North Wolfe Street<br>Baltimore, Maryland 21287<br><br>Defendant. | **Case No. 1:26-cv-4600**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

Plaintiff, SPENCER BOWMAN ("Bowman" or "Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Zipin, Amster & Greenberg, LLC and Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation under the FLSA for Plaintiff and similarly situated individuals who have worked as non-exempt employees, however variously titled ("Non-Exempt Employees"), for Defendant, The Johns Hopkins Health System Corporation ("Johns Hopkins" or "Defendant"), during the three-year period preceding the filing of this Complaint through the present, as may be extended by order of the Court, agreement of the parties, or equity ("FLSA Relevant Period").

2. Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Johns Hopkins that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3. Johns Hopkins describes itself as "a not-for-profit organization dedicated to providing the highest quality patient health care in the treatment and prevention of human illness," and as "an academically based health system" whose member entities include The Johns Hopkins Hospital.[1]

4. Pursuant to its company-wide policies and procedures, Defendant failed to pay Plaintiff, and other similarly situated employees, for all hours worked, including statutory mandated overtime for all hours worked over forty (40) hours in a single workweek. Specifically, Defendant's time rounding policy is implemented in a non-neutral fashion that results in Non-Exempt Employees disproportionately losing time worked due to unlawful time rounding.

## THE PARTIES

***Plaintiff***

**Plaintiff Spencer Bowman**

5. Plaintiff Bowman is a resident of Baltimore, Maryland. Bowman worked as a non-exempt Patient Access Specialist for Johns Hopkins in Baltimore, Maryland, assigned to Johns Hopkins' Keswick campus, from approximately May 2023 until January 2025.

---

[1] https://www.hopkinsmedicine.org/about/johnshopkins-health-system-corp (last viewed October 19, 2026).

6. Plaintiff Bowman typically worked a schedule of forty (40) hours per week, but regularly worked more than forty (40) hours per week on average. Plaintiff Bowman worked more than forty (40) hours in one or more workweeks during the FLSA Relevant Period.

7. Johns Hopkins paid Plaintiff Bowman on an hourly basis, at the hourly rate of approximately $20.00.

8. Plaintiff Bowman is a covered employee within the meaning of the FLSA.

9. Plaintiff Bowman's duties included handling inbound telephone calls in Johns Hopkins' inbound call center environment.

10. Plaintiff Bowman's recorded clock-in and clock-out times were rounded pursuant to Johns Hopkins' time rounding policy, which, upon information and belief, resulted in Plaintiff Bowman not being paid for all of the time she worked.

***Defendant The Johns Hopkins Health System Corporation***

11. Johns Hopkins is a Maryland nonprofit corporation with its headquarters in Baltimore, Maryland.

12. Defendant employed Plaintiff and similarly situated employees in Maryland within the meaning of the FLSA. Defendant had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

13. Upon information and belief, Johns Hopkins establishes, maintains, and administers the human resources, payroll, and timekeeping policies, systems, and practices that apply to its Non-Exempt Employees, including the time rounding policy alleged herein, and processes payroll for Non-Exempt Employees through a common, system-wide payroll function.

14. Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed Plaintiff and similarly situated Non-Exempt Employees.

15. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and similarly situated Non-Exempt Employees, including timekeeping, payroll, and other employment practices that applied to them.

16. Defendant applied the same employment policies, practices, and procedures to all Non-Exempt Employees during the FLSA Relevant Period.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

18. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(b). Plaintiff Bowman worked for Defendant in Baltimore, Maryland, which is in this District. Defendant maintains its principal place of business in this District and transacts business here. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

21. Defendant employed Plaintiff as a Non-Exempt Employee during the FLSA Relevant Period.

22. As part of the hiring process, Defendant promised to pay Plaintiff and the other Non-Exempt Employees a fixed hourly rate for each hour they performed work as Non-Exempt Employees.

23. Plaintiff and the other Non-Exempt Employees accepted positions with Defendant in exchange for Defendant's promise to pay them a fixed hourly rate for each hour they performed work as Non-Exempt Employees.

24. Despite offering to pay Plaintiff and the other Non-Exempt Employees at a fixed hourly rate for each hour worked, Defendant paid Plaintiff and the other Non-Exempt Employees pursuant to a rounding policy. Pursuant to this time rounding policy, Defendant did not pay Plaintiff and the other Non-Exempt Employees based on the actual time they recorded, but instead rounded their recorded time.

25. Plaintiff and the other Non-Exempt Employees regularly worked full-time schedules at or near forty (40) hours per workweek, and worked more than forty (40) hours in one or more workweeks during the FLSA Relevant Period.

26. Pursuant to Defendant's common, widespread, and official timekeeping policy, the time of Plaintiff and the other Non-Exempt Employees was routinely and systematically rounded down.

27. Defendant's hourly, non-exempt employees like Plaintiff work fixed, scheduled shifts at or near forty (40) hours per workweek. As such, the time lost due to rounding described herein routinely resulted in the deprivation of straight-time wages and, in workweeks in which they worked more than forty (40) hours, overtime wages.

28. At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiff and other Non-Exempt Employees.

29. The U.S. Department of Labor adopted a regulation that generally allows rounding practices. However, Defendant's rounding policy does not qualify as a permissible rounding policy under the FLSA. *See* 29 C.F.R. § 785.48(b).

30. The regulation provides that such rounding practice will be accepted, "provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." *Id*.

31. If an employer's rounding practice is not implemented in a manner that permits both upward and downward rounding, then the system is not neutral and will result, over a period of time, in a failure to compensate employees properly for all the time they have actually worked.

32. Defendant's practice of rounding against the employee is a regular practice, enshrined in company policy rather than a rare or random event.

33. The manner in which Defendant implements its rounding policy favors Defendant disproportionally. Thus, Defendant's time rounding policy is unlawful.

## COMMON COLLECTIVE ALLEGATIONS

34. Plaintiff brings the First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of:

> **All Non-Exempt Employees who work or worked for Defendant at any location during the FLSA Relevant Period and who were subject to Defendant's time rounding policy.**

("FLSA Collective").

35. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated employees.

36. Upon information and belief, all members of the FLSA Collective used the same timekeeping system.

37. Upon information and belief, Defendant trained all members of the FLSA Collective similarly, including on the use of Defendant's timekeeping system.

38. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid all premium overtime compensation when they worked more than forty (40) hours in a workweek.

39. Defendant assigned and/or was aware of all of the work that Plaintiff and the members of the FLSA Collective performed.

40. Defendant implemented and enforced an unlawful time-rounding policy, as explained herein.

41. As part of its regular business practices, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully failing to pay its Non-Exempt Employees, including Plaintiff and the members of the FLSA Collective, all premium overtime wages for hours worked in excess of forty (40) hours per workweek;

b. Willfully implementing and enforcing an unlawful (non-neutral) time rounding system;

c. Willfully failing to record all time that its Non-Exempt Employees, including Plaintiff and the members of the FLSA Collective, worked for the benefit of Defendant.

42. Defendant is aware or should have been aware that federal law requires it to pay Plaintiff and the members of the FLSA Collective overtime premiums and/or all wages earned for hours worked in excess of forty (40) per workweek.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ALLEGATIONS

44. A collective action under the FLSA is appropriate because the members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).

45. The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed by Defendant as Non-Exempt Employees; (b) they were or are subject to Defendant's unlawful rounding practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

46. The employment relationships between Defendant and every member of the FLSA Collective are the same and differ only by name, location, and rate of pay.

47. The key issue – the amount of uncompensated off the clock work owed to each employee – does not vary substantially among the proposed FLSA Collective.

48. The members of the FLSA Collective are known to Defendant, are readily identifiable, and can be located through Defendant's records.

49. Plaintiff estimates that the FLSA Collective, including both current and former employees over the FLSA Relevant Period, include hundreds, if not thousands, of workers.

50. The precise number of members of the FLSA Collective is readily available from a review of Defendant's personnel and payroll records.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime (Time Rounding)**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

53. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Her written consent is attached as **Exhibit A.**

54. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

56. Defendant is an employer engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

58. Defendant failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA as a result of Defendant's time rounding policy.

59. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

60. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

61. As a result of the unlawful acts of Defendant, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. Certify this action as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) (First Cause of Action);

B. At the earliest time possible, allow Plaintiff to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

C. A declaratory judgment that Defendant has violated the FLSA;

D. Designate Plaintiff as representative of the Collective;

E. Designate Plaintiff's Counsel as Counsel for the Collective;

F. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor's regulations.

G. A reasonable service award to compensate Plaintiff for the time she has spent and will spend attempting to recover wages for the FLSA Collective and for the risks she took in doing so;

H. An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

I. Appropriate statutory penalties;

J. Penalties, as provided by law;

K. Attorneys' fees and costs of suit;

L. Prejudgment and post-judgment interest, as provided by law; and

M. Such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 4, 2026

Respectfully submitted,

*s/ Gregg C. Greenberg*
Gregg C. Greenberg, MD Fed Bar No. 17291
**ZIPIN, AMSTER & GREENBERG, LLC**
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(240) 839-9142 (fax)
Email: ggreenberg@zagfirm.com

Paolo C. Meireles*
**SHAVITZ LAW GROUP, P.A.**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
(561) 447-8888 (ph)
Email: pmeireles@shavitzlaw.com

***Attorneys for Plaintiff and the Putative Collective***

* *Pro Hac Vice* application forthcoming.